

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 18, 1975

The Honorable James E. Peavy M. D.
Commissioner of Health
Texas State Department of Health
1100 W.#49th St.
Austin, Texas 78756

Opinion No. H- 556

Re: Are benefits under the
Kidney Health Care Act, art.
4477-20, V. T. C. S. limited
to citizens of the United States
or residents of Texas?

Dear Dr. Peavy:

You have asked whether the Kidney Health Care Act, article
4477-20, V. T. C. S., requires or permits the Department of Health
to make benefits available under the Act on the basis of United States
citizenship, or Texas residence.

It is well-established that a state may not invidiously discriminate
against resident aliens, and that the denial of health or welfare benefits
on the basis of alienage is constitutionally impermissible. Graham v.
Richardson, 403 U.S. 365 (1971). See e.g., Takahashi v. Fish and
Game Commission, 334 U.S. 410 (1948); Yick Wo v. Hopkins, 118 U.S.
356 (1886); Attorney General Opinions H-333(1974), H-157 (1973),
H-156 (1973), H-81 (1973).

While there are references to "citizens" and "citizens of the
State of Texas" in sections 2, 3(3), and 3(13) of the Act, we do not
believe that it is necessary to interpret these references as exclusive.
To do so would raise serious constitutional problems. These same
sections also refer more generally to "persons" or "patients" "suffering
from chronic kidney disease" as the group intended to be eligible for
benefits under the Act. The most pertinent provision of the Act, in
section 3, authorizes the State Board of Health, through the Division
of Kidney Health Care, to:

(2) Determine the terms, conditions and standards for the eligibility of persons suffering from chronic kidney disease for aid, care or treatment provided under the provisions of this Act.

In our opinion, this provision authorizes the board to establish reasonable and constitutional standards for eligibility without regard to citizenship. Our answer to the first question is that the Act does not require, and the constitution does not permit, eligibility for benefits to be conditioned on United States citizenship.

The second question is whether the Act requires or permits eligibility for benefits to be conditioned on Texas residency. We find no provision in the Act which expressly requires residency as a condition of eligibility for benefits. Neither does the Act prohibit such a requirement from being adopted by the Board which has power to determine the terms, conditions and standards for eligibility under section 3(2).

However, our answer is rendered academic by a provision of the Appropriations Act for fiscal 1974-1975. Acts 1973, 63rd Leg., ch. 659, section 2(e), p. 1881. The special provision states in pertinent part:

> None of the moneys appropriated to the Department of Health . . . may be expended for the . . . medical treatment except in emergencies of any . . . patient who is not a citizen or resident of this state. . . .

In Attorney General Opinion H-156(1973), we said that this provision would be violative of the Equal Protection Clause of the Fourteenth Amendment if "citizen" were intended to exclude a resident alien, but that distinctions designed to preserve state supported facilities for bona fide residents of the state are not necessarily invidious.

Since there are no funds available to provide benefits to persons other than residents, the Appropriations Act effectively imposes a residency requirement for eligibility for benefits under the Kidney Health Care Act.

## SUMMARY

Benefits under the Kidney Health Care Act, article 4477-20, V. T. C. S., may not be denied on the basis of alienage.

Eligibility for benefits under the Act is limited to residents by the Appropriations Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg